UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES** | )<br>)<br>) |
| v. | ) No. 12 CR 10333<br>) |
| **THOMAS BRIAND** | )<br>)<br>) |

## SENTENCING MEMORANDUM

On February 6, 2014 the defendant, Thomas Briand, pled guilty to a 3 count indictment. Count 1-3 charged Bank Robbery, in violation of 18 U.S.C. § 2113(a). The court deferred acceptance of the plea until sentencing. The Probation Department's determination of the sentencing guidelines places Mr. Briand's in Zone D, with a guideline range of 151-188 months based on an offense level of 29 and a criminal history category IV. In Zone D, a minimum term may be satisfied by a sentence if imprisonment that includes a term of supervised release. The parties have entered into a binding plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(c). If the Court accepts the agreement, the court must include the agreed disposition in the agreement. However, if the Court rejects any part of the agreement, the government may deem it null and void and Mr. Brian may withdraw his plea of guilty. For the following reasons, this Court should impose a sentence of 120 months followed be a period of supervised release of 36 months, which is the parties' agreed disposition

**I.   BACKGROUND**

   *A.   Personal Background*

Thomas Briand was born on December 22, 1979 to the marital union of Thomas Briand,

Sr. And Patricia Calland.  He has one brother, Kenneth Briand and a paternal half-brother, William Briand.  His parents divorced when he was four years old at which time his father moved to California.  As a child, he was raised primarily by his mother in East Boston. However, after several years, his father returned from California at which time he began to see him regularly eventually moving in with him in East Boston as well. PSR ¶¶ 73, 76 – 79.

Mr. Briand has a long history of chronic drug addiction.  He began using marijuana at age 13, quickly escalating to LSD, prescription drugs, cocaine, Percocet, Oxycodone and Vicodin.  By age 18, he began using crack cocaine and heroin almost immediately becoming addicted.  By age 19, he was using heroin intravenously every day. PSR ¶ 94.  At the time of his arrest for this offense, he was abusing Methadone, heroin, crack cocaine, Valium, Xanax and alcohol daily. PSR ¶ 96.  Since the late 1990's, Mr. Briand has participated in many drug rehabilitation and detoxification programs, both in patient and out patient. PSR ¶¶ 96-97.

Mr. Briand's drug addiction has caused him a variety of problems with the criminal justice system and made it impossible for him to maintain stable employment.  However, during the brief periods of his life when has remained sober, mostly while incarcerated and for short periods when not incarcerated, he demonstrated an ability to achieve goals and be a productive member of society.  Although he dropped out of school in the 11th grade, he obtained his GED in 1997 and attended several classes at Bunker Hill Community College. PSR ¶ 99.  While incarcerated, he participated in wheelchair repair and culinary arts classes obtaining a serve safe license as part of the latter.  He is also currently learning Spanish. PSR ¶¶ 99 – 100.

    B.    *The Instant Offense*

This case arose on May 27, 2011 when Arianna Martin, who was charged in a separate indictment with relation to the same incidents that resulted in Mr. Briand's current charges,

provided the police with details of bank robberies on May 17, 2011, May 19, 2011, and May 25, 2011 in which both she and Mr. Briand participated. As a result of this information, Mr. Briand was charged with the instant offenses.

## II.   SENTENCING ISSUES

Pursuant to *United States v. Booker*, 543 U.S. 220 (2005), the sentencing guidelines range is advisory. In determining a just sentence, the Court must consider other factors as well, including "the nature and circumstances of the offense and the history and characteristics of the defendant," and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," and the guidelines range. 18 U.S.C. § 3553(a).

*A.   Sentencing Guidelines*

Probation, the government, and the defendant are in agreement as to the application of the sentencing guidelines. He has an offense level of 29 and a criminal history category of IV, for a guidelines range of 151 - 188 months. However, this court should sentence Mr. Briand to the parties' agreed upon sentence of 120 months for the following reasons:

(1)   Mr. Briand is a life-long drug addict. As evidenced by his criminal history, every time he has come into contact with law enforcement and the criminal justice system has involved a property crime directly linked to his drug addiction.

(2)   During periods of sobriety, Mr. Briand has demonstrated the capacity to be productive and achieve goals. He has remained sober since being taken into custody and continues to be committed to maintaining his sobriety. While serving his sentence, he intends to avail himself of every opportunity for treatment. These offenses were committed to procure intoxication drugs.

(3)  Mr. Briand's family and friends are very supportive and willing to assist him in both maintaining sobriety and securing housing and employment upon his release.

(4)  As demonstrated during prior incarcerations, Mr. Briand is well capable of availing himself of both educational and treatment options available to him. It should be expected that during his current incarceration, he will similarly remain committed to his sobriety and educational opportunities. He is currently 34 years old. Upon release from a 120 month sentence, he will still be of an age where he will be well situated to secure employment and become a productive member of society.

(5)  While the robberies were certainly terrifying to the victim tellers, Mr. Briand had no weapon and there was no physical violence.

### III. CONCLUSION

For all the above stated reasons, Mr. Briand should be sentenced to 120 months, which is "sufficient, but not greater than necessary. . .  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."  18 U.S.C. § 3553(a).

THOMAS BRIAND
By his attorney,


    /s/ John H. Cunha, Jr.
John H. Cunha Jr.
CUNHA & HOLCOMB, P.C.
One State Street, Suite 500
Boston, MA 02109-3507
617-523-4300

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document, which was filed on **May 6, 2014** via the CM/ECF system, will be sent electronically on this date to the parties' counsel of record and to the Probation Officer.

    /s/ John H. Cunha, Jr.
John H. Cunha Jr.